UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:04-CR-87 CAS |
| ) | |
| WENDELL PRATT, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on defendant Wendell Pratt's motion requesting his sentence be credited for jail time served. The government opposes the motion. The Court will deny the motion without prejudice for failure to exhaust administrative remedies.

**I.    BACKGROUND**

Defendant Wendell Pratt was convicted on two counts of first degree robbery and two counts of armed criminal action in the Circuit Court for the City of St. Louis, No. 941-003670A. Pratt was sentenced to a term of twelve years imprisonment on each count, with all counts to run concurrently. He was paroled on July 29, 2003.

On August 1, 2003--two days after being paroled--defendant was arrested for illegal possession of a firearm. The state charged him on three counts: (1) unlawful possession of a conceal able firearm; (2) unlawful use of a weapon/carrying a concealed weapon; and (3) possession of under 35 grams of marijuana.

On January 21, 2004, a warrant was issued after defendant was declared an absconder in state court for filing to comply with parole requirements. On March 12, 2004, defendant was arrested and

placed in state custody pending revocation of his parole.

Pratt was subsequently charged by a federal grand jury on one count of being a felon in possession of a firearm on August 1, 2003, in violation of 18 U.S.C. § 922 (g)(1). On January 20, 2005, following a guilty plea, this Court sentenced defendant to a term of 33 months imprisonment followed by two years supervised release. Based on his federal conviction, defendant's parole arising from his state robbery charge was revoked.

Defendant now moves the Court to grant him credit for jail time served from March 12, 2004, the date he was taken into custody on the state probation revocation charge, until January 20, 2005, the date he was sentenced by this Court. In support, he argues Sentencing Guideline 5G1.3 (b) or (c) applies in this case. The government opposes the motion on the merits.

## II. DISCUSSION

The Court concludes that it lacks the authority to grant the relief requested by defendant. A § 2241 habeas is the proper way to challenge a failure to credit a defendant for time served in pretrial detention, but only after his administrative remedies have been exhausted by first presenting the claim to the Bureau of Prisons ("BOP"). United States v. Chappel, 208 F.3d 1069 (8th Cir. 2000). The BOP is the petitioner's "custodian" for purposes of calculating the pretrial detention credit. Therefore, the BOP, not the district court, determines the credit for time served. United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004).

The BOP does not maintain a regional office in the Eastern District of Missouri, and such an actions must therefore be filed (1) in the district where the petitioner is confined; (2) in the United States District Court for the District of Columbia; or (3) in any district in which the BOP maintains a regional office. Chappel, 208 F.3d at 1069.

Because there is no indication that the defendant has exhausted his administrative remedies

by first presenting his claim to the BOP, this Court will deny the motion without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Wendell Pratt's motion for jail time credit is **DENIED without prejudice**.  (Doc. 28)

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this 17th day of April, 2006.